UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALIEX PAUL PAPPILLION (#182589)            CIVIL ACTION

VERSUS

FRED CLARK, ET AL.                          NO. 07-0449-B-M3

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___17th___ day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALIEX PAUL PAPPILLION (#182589)         CIVIL ACTION

VERSUS

FRED CLARK, ET AL.                      NO. 07-0449-B-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate presently confined at the Calcasieu Corrections Center, Lake Charles, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Louisiana Parole Board members Fred Clark, Peggy Laundry and Githen McCarstle, and Louisiana Parole Officers Roy J. Matherene, Mark Delaune and Courtney Blakeman. The plaintiff alleges that on December 31, 2001, while on parole from a prior conviction, he was arrested in Lafourche Parish, Louisiana, and charged with armed robbery. As a result, a parole hold was placed upon him, and parole revocation proceedings were commenced. In January, 2002, however, he elected to defer a preliminary hearing in connection with the parole revocation proceedings pending resolution of the armed robbery charge. Ultimately, eleven (11) months after the arrest, the charge of armed robbery was reduced to simple battery, a charge to which he ultimately pled guilty, notwithstanding that he did not believe that the charge was appropriate. Finally, at a preliminary parole revocation and at a final revocation hearing thereafter conducted before the Louisiana Board of Parole, at both of which hearings the plaintiff contends he was denied appropriate due process, the determination was made to revoke the plaintiff's parole. Upon the plaintiff seeking review of this determination in the Louisiana state courts, this determination was reversed, and the matter was remanded for rehearing, after which, in June, 2006, the plaintiff was released. The plaintiff argues that, as a result of the foregoing, he was wrongly maintained in confinement and is entitled to monetary compensation for the defendants' alleged wrongful conduct.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In his Complaint, the plaintiff alleges that, in 1990, he was sentenced to serve twenty (20) years in confinement on criminal charges originating in the 22nd and 15th Judicial Districts for the State of Louisiana. In January, 2001, after serving approximately half of this sentence, he was granted a supervised release. Thereafter, in December, 2001, he was re-arrested and ultimately charged in Lafourche Parish with armed robbery arising out of an incident in which he contends he was merely involved in a fistfight with someone who attacked him first. Upon his arrest, however, a parole hold was placed upon him because of his supervised release, and he was held in confinement pending the results of the armed robbery charge which was ultimately dropped in November, 2002. One condition of the dropping of the armed robbery charge, however, was the plaintiff's agreement to plead guilty to a charge of simple battery and to serve a sentence of six (6) months with credit for time already served. Finally, upon conclusion of the criminal proceedings, the plaintiff was brought before parole officials for a preliminary hearing in January, 2003. At this hearing, at which defendant parole officer Matherene and defendant parole supervisors Delaune and Blakeman participated, the plaintiff complains that he was denied due process because, inter

alia, (1) the time of the hearing was changed without notice, (2) he was not allowed to call witnesses, and (3) the proceedings were not recorded as required by Louisiana law. In any event, the preliminary hearing was ultimately deferred in order to allow the plaintiff to attempt to obtain an attorney, and a new date was set for the hearing. Believing that he could get a fairer hearing before the Louisiana Parole Board, the plaintiff ultimately waived his right to a preliminary revocation hearing and was granted a hearing before the Parole Board on February 27, 2003. Again, however, the plaintiff complains that his right to due process was denied because the defendant parole board members would not entertain his evidence or arguments and ultimately ruled against him without a full consideration of the facts. It was only through the pursuit of post-revocation judicial proceedings that the plaintiff was able to have this determination reversed by a state district judge and to have the matter remanded for a rehearing. Finally, upon rehearing, the plaintiff was allowed a release from confinement, after having served 4 years and 6 months in connection with the original arrest in 2001 and the subsequent parole revocation proceedings.

Initially, although the plaintiff complains generally in his Complaint of the actions of police officials who wrongly charged him with armed robbery, who ultimately had to drop this charge against him, who pressured him to accept a plea to a reduced charge of simple battery, and who testified wrongly at his parole revocation proceedings, these officers have not been named as defendants to this proceeding and, so, are not properly before the Court. Accordingly, any claim which the plaintiff may have regarding the details of his original arrest and prosecution on armed robbery and simple battery charges are not before the Court and must be dismissed.

The Court further concludes that the plaintiff's claims against the defendant parole officers and parole board members are barred by the doctrine of absolute immunity. In this regard, it has been held that members of a parole board who sit in determination of an inmate's entitlement to parole are immune from suit for damages in their quasi-judicial role. See Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987)(recognizing that defendant parole

board members "enjoyed absolute immunity from § 1983 damages"). This immunity extends to parole officers who participate in the decision-making process. See <u>Miles v. Everette</u>, 88 Fed.Appx. 775 (5th Cir. 2004) ("[C]laims against the parole officers, supervisors and officials of the Parole Board are barred under the doctrine of absolute immunity."); <u>Hunter v. Rodriguez</u>, 73 Fed.Appx. 768 (5th Cir. 2003)(same); <u>Littles v. Board of Pardons and Paroles Division</u>, 68 F.3d 122 (5th Cir. 1995)(same). Thus, the plaintiff's claim against the defendants must be dismissed as legally frivolous as a matter of law.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed, with prejudice, as legally frivolous pursuant to 42 U.S.C. § 1983.

Baton Rouge, Louisiana, this ___17th___ day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE